**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| KIM HENSLEY,<br><br>                    Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi,<br>Commissioner of Social Security[1],<br><br>                    Defendant. | Case No. 2:21-cv-00508-VCF<br><br>**ORDER**<br><br>MOTION TO DISMISS IN PART AND MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO ANSWER AND FILE CERTIFIED ADMINISTRATIVE RECORD (ECF NO. 7) |

Before the Court is Commissioner Kilolo Kijakazi's (the Commissioner) motion to dismiss in part and motion for an extension of time within which to answer and file certified administrative record (ECF No. 7). The Court hereby denies the Commissioner's motion to dismiss in part.

**I.  Standard of Review**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in person occupying the office of Commissioner of Social Security).

**II.     Background**

The plaintiff applied for Social Security Disability Insurance benefits on March 10, 2017. (ECF No. 1, ¶ 6). The application was denied by an administrative law judge (ALJ) for "lack of disability." (ECF No. 1, ¶ 1). The plaintiff submitted a request for review of the ALJ's decision to the Appeals Council on September 9, 2019. (ECF No. 1, Ex. A). The Appeals Council denied the request as it found "no reason under [its] rules to review the [ALJ's] decision." As a result, the ALJ's decision constitutes the "final decision of the Commissioner of Social Security." *Id.* The plaintiff subsequently filed suit in this Court, appealing the final decision of the Commissioner of Social Security (the Commissioner). (ECF No. 1 ¶ 2). The plaintiff challenges the ALJ's conclusions on two grounds: (1) that the ALJ failed to accord proper legal weight to the treating chiropractor's opinion testimony; and (2) that the authority of the Commissioner is unconstitutional, thus the presiding ALJ was not properly appointed under the Constitution and lacked the legal authority to decide the plaintiff's case. (ECF No. 1 ¶¶ 7–8).

Regarding the second argument, the Commissioner seeks dismissal of the plaintiff's constitutional claim for lack of subject matter jurisdiction. (ECF No. 7 at 1 ¶¶ 19–20). The Commissioner argues the plaintiff lacks standing to assert the constitutional claim on two theories: (1) lack of traceability or (2) lack of redressability. (*Id.* at 18–19). The Commissioner notes that the Court properly exercises subject matter jurisdiction over the plaintiff's first argument. (*Id.* at 24–25).

The Commissioner seeks an extension of time within which to answer the remainder of Plaintiff's complaint and to file the administrative record. "For reasons related to the COVID-19 pandemic (and unrelated to the Commissioner's filing of the present motion), the certified electronic record is not yet available in this case." (ECF No. 7 at 3 n. 2). The Commissioner requests a new deadline of 30 days after the Court's ruling on this motion to dismiss. (ECF No. 7 at 12).

2

### III. Discussion

Rule 12(b)(1) authorizes a challenge based on lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving the "actual existence" of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A subject matter jurisdiction challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). By contrast, a facial attack "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Safe Air for Everyone*, 373 F.3d at 1039). The district court resolves a facial motion by "[a]ccepting the plaintiff's [factual] allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Id.*

The United States Supreme Court determined that Securities and Exchange Commission ALJs are "Officers of the United States" under the Constitution and therefore must be appointed in accordance with the Constitution. *Lucia v. SEC*, 138 S. Ct. 2044 (2018). The Court found that all decisions issued by ALJs who were not properly appointed must be reversed and remanded, to be heard by a different, properly appointed ALJ. *Id.* at 2055. Since the Supreme Court issued its decision in *Lucia*, the Social Security Administration has conceded that its ALJs must likewise be properly appointed in accordance with the Constitution. SSR 19-1p. This Court recently remanded the Commissioner of Social Security's final decision to deny benefits for reevaluation before a properly appointed ALJ. *Underwood v. Saul*, 2:20-cv-01237-VCF, 2021 U.S. Dist. LEXIS 78360 (D. Nev. April 23, 2021). In *Underwood*, this Court also held that "an Appointments Clause challenge need not be raised at the ALJ level to be preserved for judicial review." *Id.* at 9. The day before this Court decided *Underwood*, the Supreme Court issued a similar holding regarding exhaustion. In *Carr*, the Supreme court overturned the Eight and Tenth

Circuits institution of an "issue-exhaustion requirement . . . [for] Appointments Clause claims." *Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021).

The Commissioner has now filed a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(1), stating the plaintiff "lacks standing" to "[assert] a constitutional claim under *Seila Law LLC*." (ECF No. 7 at 1 Line 4–5), *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020).

### A.  Whether the Plaintiff Has Established Standing

To establish constitutional standing, a plaintiff must show three elements: (1) the plaintiff suffered an injury in fact; (2) there exists a causal connection between the injury and the alleged conduct; and (3) a favorable decision is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Standing is a threshold matter central to our subject matter jurisdiction. We must assure ourselves that the constitutional standing requirements are satisfied before proceeding to the merits." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Defenders of Wildlife*, 504 U.S. at 560 (internal quotation marks omitted). An injury asserted by the plaintiff must be "fairly traceable to the challenged action of the defendant." *Id.* "[A] litigant challenging governmental action as void on the basis of the separation of powers is not required to prove that the Government's course of conduct would have been different in a counterfactual world in which the Government had acted with constitutional authority. *Seila Law*, 140 S. Ct. at 2196 (2020) (internal quotation marks omitted). The challenging litigant must show he or she sustained injury "from an executive act that allegedly exceeds the official's authority." *Id.* "[P]rivate parties aggrieved by an official's exercise of executive power [are permitted] to challenge the official's authority to wield that power while insulated from removal by the President." *Id.* An injury asserted by the plaintiff must be "likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). "The 'appropriate'

remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed' official." *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018) (quoting *Ryder v. United States*, 515 U.S. 177, 188 (1995)). "[A plaintiff need not show] the Government's course of conduct would have been different in a counterfactual world in which the Government had acted with constitutional authority." *Seila Law* 140 S. Ct. at 2196.

The Commissioner contends that the plaintiff cannot satisfy either element two, traceability, or element three, redressability. The Commissioner does not contest element one, but the Court will consider it *sua sponte* to ensure a holistic review.

### i. Whether Plaintiff Suffered an Injury in Fact

Social security benefits are a constitutionally protected property interest. The invasion of this property interest by the ALJ is both "concrete" and "actual" because plaintiff's benefits claim denial is the final decision of the Commissioner of Social Security. Denial of plaintiff's social security benefits establishes an injury in fact.

### ii. Whether the Constitutional Claim is Traceable

The plaintiff's claim is sufficiently traceable to demonstrate standing. As articulated in *Seila Law*, the plaintiff may challenge the constitutionality of the Commissioner's authority so long as exercise of that authority has resulted in injury. The plaintiff alleges the authority of the Commissioner of Social Security is unconstitutional due to the Commissioner's insulation from removal. The injury plaintiff sustained, denial of social security benefits, stems from the adjudicatory process conducted by an SSA ALJ directly appointed on the Commissioner's authority. This is sufficient to establish traceability for standing.

### iii. Whether the Constitutional Claim is Redressable

The plaintiff's claim is sufficiently redressable to demonstrate standing. The Supreme Court has provided remand as the explicit remedy for unconstitutional adjudications. If the Court determines that

the Commissioner's ALJ appointments are unconstitutional, the plaintiff must receive reconsideration before a "properly appointed official." The likelihood of a different outcome is irrelevant to the constitutional challenge itself. If the ALJ's appointment is deemed unconstitutional, remand to a constitutionally appointed ALJ would cure the constitutional defect present in the plaintiff's initial benefits claim process[2]. This is sufficient to establish redressability.

This Court finds that the plaintiff meets the constitutional requirements to establish standing.

IT IS HEREBY ORDERED that the motion to dismiss in part (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the request for extension of time (ECF No. 7) is GRANTED. The Commissioner has until Monday, September 6, 2021, to answer and file the certified administrative record.

DATED this 6th day of August 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Commissioner asserts that, if this Court were to find the Commissioner's removal protection unconstitutional and by extension the ALJ's vested authority unconstitutional, "an endless string of requested remands" would create a cycle of appellate litigation. Claims, denied on their merits by ALJs, would be remanded by District Courts for reconsideration due to the unconstitutional removal statute. Those claims would once again be denied on the merits, only to be remanded again under the same constitutional claim for relief. This argument is unavailing. This hypothetical could only arise if the removal statute, deemed unconstitutional, remained in effect without amendment. The prospect of such a failure to act does not constitute a persuasive policy argument.